Curia, per O’Nealu, J.
By the act of 1712, sec. 2, P. L. 101, it is enacted, “ If any person or persons, to whom any right or title to lands, tenements, or hereditaments, within this province, shall hereafter descend or come, do not prosecute the same within five years after such right or title accrued, that then, he or they, and all claiming under him or them, shall be forever barred to recover the same, excepting,” &c. The 7th section of the act of 1824, Acts, p. 24, extends the time for the prosecution of such right or title to ten years.
The settled construction of the acts of 1712 and 1824, is, that the right or title to lands, and the consequent remedy by action for *12 an injury to the same, by withholding the possession, can only be barred by-an actual pedis possessio, for the time fixed by one of these acts. The reason of this seems to be, that until there is an actual permanent possession by some claimant, the party to whom ‘ right or title ’ to the land ‘ accrued,’ cannot prosecute it. In the case of Reid v. Eifert, reported in a note 1 N. & M’C., 374, Judge Smith, who was one of the oldest as well as the ablest of the land lawyers of South-Carolina, delivered the opinion of the Constitutional Court, settling irreversibly the principle, that an actual possession of a part of a tract of land, by color of title, for more than five years, under the act of 1712, would bar the right of a claimant to prosecute the same. In that case, that learned judge reviewed all the previous cases, and showed that all of them, with one or two exceptions, had taken the view which he then took of this provision of the statute of limitations. In his opinion, he referred to the preamble and first clause, to show that the intention of the legislature was to quiet the estates of the inhabitants of this state, by making an actual possession under an imperfect title, a perfectly good and legal one. This key unlocks the whole statute ; and, keeping it always in our hand, we shall be able to pass, without difficulty, through every part. That decision has been ever since followed. Its principles were fully developed and enforced, by Judge Cheves, in the case of Williams v. McGee, 1 Con. Rep., 85. The intent of the statute being to quiet estates, by making a possession under an imperfect title equivalent to a legal one, it was hence very properly held in the cases of Baily v. Irby, 2 N. & M’C., 343, and White ads. Reid, 2 N. & M’C., 534, that a repetition of trespasses, by cutting down and using timber for the whole time fixed by the statute, would not bar a right or title to lands. The acts done were fugitive, and did not amount to any certain claim of estate, and hence, were neither within the words or intent of the legislature. In the case of Sims v. De Graffenreid, 4 M’C., 253, it was said that, “ from the earliest times in this state, where one has good title to land, he might convey it to a stranger, or commence an action against any one in possession, without entry by himself or any previous possession, or even having received rent.” This princi *13 pie would negative any conclusion to be drawn from the words of the 2d section, such as, that a mere non-claim for five years after a right or title to lands shall descend, or come, would be a bar. Following up this principle, and that until there was an actual pedis possessio, on the land claimed by the plaintiff, the statute would not commence to run, it was held in the case of Turnipseed v. Busby, 1 M’C., 279, that where two grants run into one another, a possession by the defendant within the limits of his grant, but outside of the plaintiff’s, could not bar the plaintiff. In that case, my brother Gantt, whose experience as a lawyer and a judge is almost -coeval with the administration of justice, on this subject, in the upper part of this state, said: “ As regards possession, the occupancy of a part of the land by Stephen Smith, and not included in his grant, and not constituting any part of the land claimed by the plaintiff, is not such a possession as will divest the right of the legal owner. The owner of land is only injured when a trespass is actually committed thereon. Stephen Smith’s possession, therefore, of a part of his own land, would never, by any just construction of the statute of limitations, give him a title to another’s land, over which he had never exercised any act of ownership.” In Sims v. Meacham, 2 Bail., 101, it was ruled that, where there are interfering claims to lands, without any actual possession of the disputed parcel, that the possession is in him who has the right. This principle received a fuller and better exposition in the case of Huger v. Cox, 1 Hill, 135, in which it was held that, where there are actual possessions on two conflicting grants or titles, the elder and better legal title should prevail for all which was not in the actual possession of the defendant for the time fixed by the act. These cases very clearly show, that the operation of the act of limitations depends upon an actual possession of the land in dispute, and not upon a mere non-claim by the plaintiff. The last case, Huger v. Cox, proceeds upon the just principle, that a plaintiff in possession of a part of a tract of land, can only be regarded as disseised of so much as the defendant has in actual possession. To this alone is he required by the act to assert his right or title within five years before. 1824, and ten years since. All these cases very clearly show, that the plain *14 tiff’s right of action, for the locus in quo, must have existed against some one, for more than the time allowed by the law, or he cannot be barred. If, therefore, any one, before the defendant, had an actual possession for more than five or ten years, it would bar the plaintiff as well as if it had been in the defendant. Fayssoux v. Prather, 1 N. & M’Cord, 307; Wagner v. Aiton, Columbia, December, 1838. The title of such third person is quieted by the possession, and is equivalent to a conveyance of the estate arising from the elder title. The possession of one by tenants is regarded as his possession, and would have the effect to bar the plaintiff; for, in that case, although the possession is, in fact, in several (the tenants), yet, in law, it is in one (the landlord). — Duncan v. Beard, 2 N. & M’Cord, 409. But in that same case, it-was very properly ruled, that unconnected possessions, each being for a shorter time than that limited by the statute, but when joined together making five years, could not be united, so as to bar the plaintiff. The subject is not, however, examined in that case, or in any of the subsequent ones, to which I have been able to refer. In Cantey v. Platt, 2 M’Cord, 260, it is said, by Judge Huger, “ To enable a plaintiff to succeed in his statutory claim to land, he must prove that he has had possession of the land the full time required by the statute law.” This principle is, I think, correctly stated, and applies to a defendant’s possession as well as that of a plaintiff. In both, possession must operate to quiet the title, or it is of no avail. It has too, in some degree, the countenance of Turnipseed v. Busby, 1 M’Cord, 279: for there it was held, that possessions under the same title, could not be joined together to defeat the plaintiff. J
So much for cases: they have been reviewed to show that the bar of the statute is only interposed to prevent the plaintiff from recovering where he has had a right of action against the defendant, or some one, for the locus in quo, for five or ten years, as the case may be, and has, during that time, failed to prosecute it. — . This being, as I think, a clear and well settled principle, if we take it as our guide here, the plaintiff is entitled to recover. The possession of Meacham and his heirs terminated in 1827; as against them, at that time, the plaintiff could have recovered; for *15 he still had six years in which he might bring his suit. They had then no title or estate to be quieted — for their possession, so far, was a mere trespass. When they conveyed to defendant, they conveyed nothing to him ; for they had no title whatever to convey. They could not convey the previous trespasses. Their deed was merely color of title to the defendant; that is, it defined the extent of his claim,' when he entered, and followed it up by possession. As against him, the plaintiff could not prosecute his title, until he entered ; and, by the words of the acts of 1712, and 1824, he was entitled to ten years against the defendant, within which to prosecute his action. In Turpin v. Brannon, Judge Nott said, “ possession is substituted in place of title.” “ An actual deed, from a person who has no right, conveys nothing.” These two dicta have my entire assent. The first arises out of the intention of the legislature, in enacting the act of 1712. The possession, for the time limited by it, was to make that which was before, no title, a perfectly good one. In the present case, the defendant, when he entered, had no title; his possession since is not sufficient to stand in place of title. That he received the possession from another, in like circumstances, cannot help him ; for neither, separately, is a title. When put together, they cannot make something out of nothing. If it were so, that both possessions could be referred to one entry, as in the case of landlord and' tenant, or in the case of a descent from a disseisor to his heirs, and a continuance of possession by them, then the operation of the statute would commence from the entry by the landlord or ancestor. For then, in legal contemplation, it would be the same possession against which the plaintiff had failed to prosecute his right or title. But in the case of one who purchases from a trespasser, his entry is a fresh disseisin. As to the plaintiff, the defendant stands as a wrong-doer, against whom, as well as the person from whom he bought, he has a cause of action.
Note. — The question involved in this ease seems to have been settled by an early decision in this State, that of Mazyck v. Wright, Brev. MS. Rep., (not yet published,) in entire conformity with the principles laid down by the Court. The following note of that case may be found in Rice's Digest, 2d vol., p. 320, tit. “ Trespass to try Title “Any transmission or mutation of possession of land, during the time required by the limitation act, to bar the true owner’s right of possession, breaks the continuity of the possession required by the statute, though the succeeding tenant should derive his possession from the tenant who immediately preceded him, and should claim through him by the same concurrent title.” R.
*15 The motion is dismissed.
Gantt, Evans, Earle, Butler, and Richardson, Justices, concurred.